# United States District Court
# Central District of California

| | |
|---|---|
| ANDREW PROKOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COVERED WAGON INVESTMENTS INC., a California Corporation,<br><br>Defendant. | Case No. 2:19-cv-08493-ODW (GJSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [17]** |

## I. INTRODUCTION

Plaintiff Andrew Prokos ("Prokos") moves for entry of default judgment against Defendant Covered Wagon Investments, Inc. ("Covered Wagon"). (Mot. for Default J. ("Mot.") 1, ECF No. 17.) For the reasons discussed below, the Court **GRANTS** Prokos's Motion ("Motion").[1]

## II. FACTUAL BACKGROUND

Prokos initiated this action against Covered Wagon for copyright infringement. Prokos alleges that Covered Wagon used images of a photograph ("Photograph") in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (Compl. ¶¶ 1, 9, 13,

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

ECF No. 1.) Specifically, Prokos alleges that Covered Wagon used, distributed, and exploited images of the Photograph, entitled HARLEM-0446-1000PX, for commercial purposes, including in multiple posts on its website. (Compl. ¶¶ 8–9, 13.) According to his Complaint, Prokos registered the Photograph with the United States Copyright Office on April 15, 2013, with the Registration Number of VAu 1-133-407. (Compl. ¶ 8.) Prokos is the sole owner of the Photograph. (Compl. ¶ 8.)

On October 4, 2019, Prokos served a Summons and Complaint on Covered Wagon. (*See* Proof of Service, ECF No. 9.) Covered Wagon failed to respond to the Summons and Complaint, and, on October 30, 2019, Prokos requested entry of default. (*See* Req. for Entry of Default, ECF No. 12.) The Clerk of the Court entered default the next day. (*See* Default by Clerk, ECF No. 15.) Prokos now moves for entry of default judgment and seeks statutory damages, costs, and attorneys' fees. (Mot. 1.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant default judgment after the Clerk enters default under FRCP 55(a). Fed. R. Civ. P. 55(b)(2). Before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Local Rule 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter a default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). However, "a defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). In exercising its discretion, a court considers several factors ("*Eitel*

Factors"): (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, upon entry of default by the Clerk, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *Televideo Sys.*, *Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

The Court first considers whether Prokos satisfies the procedural requirements, then whether the *Eitel* Factors weigh in favor of an entry of default judgment, and finally what damages, if any, are appropriate.

### A. Procedural Requirements

Prokos has submitted a declaration stating: (1) the Clerk entered default against Covered Wagon on October 31, 2019; (2) default was entered based on the Complaint Prokos filed on October 1, 2019; (3) Covered Wagon is neither an infant nor an incompetent; (4) Covered Wagon is not covered under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, and (5) although not required under FRCP 55(b)(2) because Covered Wagon has not appeared in any capacity, Prokos mailed a copy of this Motion to Covered Wagon through the United States Postal Service. (*See* Decl. of Stephen M. Doniger ("Doniger Decl.") ¶¶ 1–2, 4–5, 8, ECF No. 17.) Thus, Prokos satisfies the procedural requirements of Local Rule 55-1.

### B. *Eitel* Factors

Once the procedural requirements have been met, district courts consider the *Eitel* Factors in exercising discretion for granting default judgment. *Eitel*, 782 F.2d at

1471–72. For the reasons discussed below, the Court finds that the *Eitel* Factors weigh in favor of granting default judgment.

### 1. *Possibility of Prejudice to the Plaintiff*

The first *Eitel* Factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default judgment leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation. *See Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. Covered Wagon elected not to participate in this action after being properly notified. (*See* Proof of Service.) Absent a default judgment, Prokos has no recourse to recover against Covered Wagon for its alleged violations of the Copyright Act. Therefore, this factor weighs in favor of default judgment.

### 2. *Substantive Merits & 3. Sufficiency of the Complaint*

The second and third *Eitel* Factors together "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (citing *PepsiCo*, 238 F. Supp. 2d at 1175.) Although well-pleaded allegations in the complaint are admitted by the defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Prokos alleges facts sufficient to establish that Covered Wagon violated the Copyright Act. The Copyright Act confers certain exclusive rights to valid owners of copyrighted works, including the exclusive right to "reproduce the copyrighted work in copies." 17 U.S.C. § 106(1). To establish a claim for copyright infringement, Prokos must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1110 (9th Cir. 2019) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

First, Prokos alleges that he is the sole owner of the exclusive rights to the Photograph. (Compl. ¶ 8.) Prokos additionally alleges that the Photograph was registered with the United States Copyright Office on April 15, 2013, with the Registration Number VAu 1-133-407. (Compl. ¶ 8.) Thus, taking these allegations as true, Prokos has sufficiently alleged that he is the exclusive owner of the rights of a valid copyright.

Second, Prokos can establish copying of constituent elements by showing: (1) Covered Wagon had access to Prokos's Photograph, and (2) that the Photograph and the image that appear on Covered Wagon's website are "substantially similar." *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 774 (9th Cir. 2018). Prokos alleges that Covered Wagon had access to the Photograph through Prokos's website and social media accounts, or through viewing it on third-party websites such as Tumblr and Pinterest. (Compl. ¶ 12.) In addition, the Complaint contains an image of the Photograph compared to a screen capture of the image on Covered Wagon's website. (Compl. ¶ 10.) The images appear not only substantially similar but identical. Thus, taking these allegations as true, Prokos has sufficiently alleged that Covered Wagon copied the constituent elements of the Photograph.

In sum, Prokos has sufficiently alleged both that he is the owner of a valid copyright, the Photograph, and that Covered Wagon copied the constituent elements of the Photograph. Therefore, Prokos has alleged a valid copyright infringement claim on which he may recover. The second and third *Eitel* Factors weigh in favor of default judgment.

*4. The Sum of Money at Stake*

The fourth *Eitel* Factor balances "the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of the defendant's actions." *Truong*

*Gian Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW 2007 WL 1545173, at * 12 (N.D. Cal. May 29, 2007). In his Complaint, Prokos seeks "statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*" (Compl. at 5.) In his Motion, Prokos seeks $30,000 in statutory damages, the maximum amount permitted for non-willful infringement under 17 U.S.C. § 504(c)(1). (Mot. 1.) As this amount falls within the range permitted for the alleged harm under 17 U.S.C § 504(c)(1), the amount at stake appears to be within the range permissible, and thus is proportionate to the harm alleged. Thus, this factor weighs in favor of granting default judgment.

*5. Possibility of Dispute*

The fifth *Eitel* Factor considers the possibility of dispute regarding material facts. *PepsiCo*, 238 F. Supp. 2d at 1177. As Covered Wagon has failed to respond to the Complaint or this Motion, no factual dispute exists because the allegations in the Complaint are presumed true. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014). Thus, this factor weighs in favor of default judgment.

*6. Possibility of Excusable Neglect*

The sixth *Eitel* Factor considers whether Covered Wagon's default is the result of excusable neglect. *Eitel*, 782 F.2d at 1470. No facts before the Court indicate that Covered Wagon's default is due to excusable neglect. On October 4, 2019, Prokos served Covered Wagon with a Summons and Complaint. (*See* Proof of Service.) Additionally, on December 2, 2019, Prokos mailed Covered Wagon notice of this Motion. (*See* Certificate of Service, ECF No. 18.) Covered Wagon failed to respond to both. From these facts, the Court finds that Covered Wagon's default is not due to excusable neglect. Thus, this factor weighs in favor of default judgment.

*7. Policy Favoring Decision on the Merits*

"[D]efault judgments are ordinarily disfavored. Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where a defendant fails to answer a complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. As discussed, Covered Wagon elected

not to respond both to the Summons and Complaint and this Motion, rendering a decision on the merits impossible. (*See* Default by Clerk.) Thus, this factor weighs in favor of default judgment.

In sum, the *Eitel* Factors weigh in favor of default judgment. Therefore, the Court **GRANTS** Prokos's request for entry of default judgment.

## C. Statutory Damages

After finding entry of default judgment appropriate, courts must next determine the terms of the judgment. The Copyright Act provides that a copyright owner may elect to recover statutory damages in lieu of actual damages any time before a final judgment is entered. 17 U.S.C. § 504(c)(1). The Act allows for damages of not less than $750 nor more than $30,000 with respect to any one work. *Id*. Moreover, where the court finds that the infringement was committed willfully, it has discretion to heighten the award to a sum no greater than $150,000. 17 U.S.C. § 504(c)(2). Courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

On default judgment, "statutory damages are appropriate . . . because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008); *Barcroft Media, Ltd. v. Soc. Trends Media, Inc.*, No. CV 17-5277-R, 2018 WL 4745305, at *2 (C.D. Cal. May 1, 2018). In determining statutory damages, courts often use estimates of actual damages or licensing fees. *See Michaels v. Nohr*, No. CV 15-06353-AB (JEMx), 2015 WL 12532177, at *9 (C.D. Cal. Dec. 17, 2015); *Nat'l Photo Grp., LLC v. Pier Corp.*, No SACV 13-1165-DOC (JPRx), 2014 WL 12576641, at *4 (C.D. Cal. Mar. 10, 2014) (noting that courts typically award "two to three times the license fees" in cases involving copyright infringements of photographs). Courts are guided by "what is just in the particular case," specifically considering "the nature of the copyright [and] the circumstances of the infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*,

909 F.2d 1332,1336 (9th Cir. 1990) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952)).

Prokos seeks $30,000 in statutory damages for Covered Wagon's alleged willful act of infringement.[2] (Mot. 7.) Prokos argues that $30,000—the statutory maximum for *non-willful* infringements—is reasonable because it is "smaller" than the heightened statutory maximum of $150,000 for a single act of *willful* infringement. (Mot. 9.) He asserts that anything less than the statutory maximum for non-willful infringement would "effectively reward" Covered Wagon for refusing to take responsibility for its unlawful conduct and encourage others to follow suit. (Mot. 10.)

As alleged, Prokos makes it clear that Covered Wagon used the Photograph in violation of the Copyright Act. He asserts that Covered Wagon had access to the Photograph through "website and social media accounts" or third-party websites such as Tumblr and Pinterest. (Mot. 4.) Although he states an incorrect website in his Complaint, Prokos presents evidence of Covered Wagon's use of the Photograph by providing a screen capture of the Photograph on Covered Wagon's now inoperable website, www.coveredwagoninvestments.com. (Compl. ¶¶ 9–10; Decl. of Andrew Prokos Exs. 1–2, ECF Nos. 17-2–17-3.) However, with respect to damages, Prokos presents no evidence as to the amount of actual damages or licensing fee for the Photograph. Moreover, Prokos presents no evidence as to how Covered Wagon's use of the Photograph facilitated its commercial purposes. For instance, Prokos does not allege how Covered Wagon featured the Photograph on its website, how long Covered Wagon used the Photograph, or how Covered Wagon's use of the Photograph drew website viewership or sales. Thus, the circumstances of this infringement simply do not warrant an award of $30,000.

---

[2] In his Complaint, Prokos requests actual damages in an amount to be determined, "or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101 *et seq.*" (Compl. at 5.) Although Prokos does not seek a specific amount of damages in his Complaint, he is nonetheless eligible for statutory relief because he raises it in his Complaint. *See Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974); *Hearst Holdings, Inc. v. Kim*, No. CV 07-4642 GAF (JWJx), 2008 WL 11336137, at *4, 6 (C.D. Cal. Aug. 17, 2008).

This case is similar to other copyright claims adjudicated in the Central District where courts awarded much lower statutory damages. For instance, in *Durant v. REP Publishing, Inc.*, the court awarded $750 each for two photographs posted on the defendant's website where one photograph was used in support of an article and the other was used for "unclear" purposes. No. CV 17-08077-AB (SSx), 2018 WL 6137156, at *4 (C.D. Cal. Aug. 13, 2018); *see also Barcroft Media, Ltd.*, 2018 WL 4745305, at *3 (awarding $750 each for two photographs, neither of which with licensing fees, posted on the defendants' website in violation of the Copyright Act). Accordingly, considering nature of the copyright and the circumstances of the infringement, the Court concludes that an award of $750 sufficiently compensates Prokos while effectively deterring those who might engage in similar unlawful conduct.

**D.     Costs and Attorneys' Fees**

Prokos requests litigation costs of $487.95 and attorneys' fees of $2,400.00. (Doniger Decl. ¶¶ 6–7.) A party who has violated the Copyright Act may be liable for attorneys' fees and costs under 17 U.S.C. § 505. On default judgment, the Court determines attorneys' fees pursuant to the Schedule of Attorneys' Fees provided in Local Rule 55-3. The Schedule provides that an amount of Judgment between $0.01 and $1000 warrants an award of attorneys' fees of thirty percent with a minimum of $250. C.D. Cal. L.R. 55-3. As thirty percent of $750 is less than $250, the Court awards the minimum of $250 in attorneys' fees. Additionally, the Court accepts Prokos's representation regarding litigation costs and awards costs in the amount of $487.95.

# CONCLUSION

For the reasons discussed above, the Court **GRANTS** Prokos's Motion for Default Judgment and **awards $750 in statutory damages**. The Court further **awards $250 in attorneys' fees** and **$487.95 in costs**. The Court will issue Judgment.

**IT IS SO ORDERED.**

March 23, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**